Wainwright v. Crawford.

ing his sentiments to the grand jury, after Mr. Addison, as President, had concluded his charge, &c.

In support of the motion, the *attorney-general* cited 1 Reeves Hist. Eng. Law, 201, c. 4; 2 Ibid. 2; Jacob's L. Dict. tit. "Chapitre;" 4 Bl. Com. 303; Const. Penn. art. V. § 4; 6 Mod. 96. But—

---

\*WAINWRIGHT *et al. v.* CRAWFORD. (*a*)                              [\*226

*Master of vessel.*

The master of a vessel may bind his owners, personally, by borrowing money to make necessary repairs to the vessel, in a foreign port, if the lenders, after due inquiry, did not know that the master had sufficient funds to relieve the necessity.

THIS was an action on the case, brought by foreign merchants, against the defendant, to recover the amount of money lent to the master, to pay for disbursements in repairing and supplying his ship in a foreign port. It was proved, by the evidence of the master, that he had no funds belonging to his owner, or to himself; and that he borrowed the money from the plaintiffs, to make the necessary repairs of the ship, for the prosecution of her voyage.

*Moylan,* for the defendant, observed, that the power of the master of a ship, extended no further, than to authorize him to hypothecate the ship herself, in a foreign port, for absolute necessaries: but he contended, that the master could not, under any circumstances, personally bind the owners. Moll. c. 1, 6, 2, § 10, § 14; Beawes' L. M. 95–6; 1 T. R. 18; 2 Dall. 195; 1 Salk. 35; 2 Ld. Raym. 984.

*Ingersoll* and *Franklin,* for the plaintiffs, insisted, that every person who supplied a ship, had a triple security; to wit, the master, the owner and the ship; that, by the maritime law, the master was the authorized agent of the owners, in foreign ports; and that, independent of his power to bind the ship herself, he might bind the owners personally, upon proof that the money or supplies went to their use. Cowp. 636; 1 Ves. 443; 1 T. R. 73; 2 Vern. 643; 14 Vin. Abr. 300, pl. 9.

---

(*a*) s. c. 3 Yeates 131, which is a better report.

SHIPPEN, Chief Justice.—If the jury are satisfied (and the evidence is strong upon the point) that there was an actual necessity for borrowing the money, to repair the ship, the plaintiffs ought to recover. The lender is bound, it is true, to make due inquiry, whether the repairs are necessary; and whether the master has effects in his hands, sufficient to defray the expense of repairing, without resorting to a loan : but he is not bound to know, nor to inquire, what is the state of the accounts between the owner and the master. If, therefore, the case of necessity existed; and the plaintiffs did not know (for we fix on their knowledge as the test) that the master had sufficient funds in possession, to relieve the necessity; we think that the contract of the master will bind his owners, personally.(a)

Verdict, accordingly, for the defendant.

---

(a) The owner of a vessel cannot be made personally liable, by the contracts of the master, in a foreign port, when he has not authority to hypothecate the vessel; and he cannot hypothecate the vessel, while there are goods of his own, or of the owner, on board. Cuspino v. Perez, 2 Dall. 194.

